UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | CIVIL MINUTES - GENERAL | | JS-6 |
|---|---|---|---|
| Case No. | 2:13-cv-06034-CAS-(JCGx) | Date | October 21, 2013 |
| Title | MORRY BROOKLER ET AL. V. RADIOSHACK CORPORATION ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: | |
| Anthony Jenkins<br>Stephen Glick<br>Ian Herzog | Randy Grossman<br>Beong-Soo Kim | |

**Proceedings:**   PLAINTIFFS' MOTION TO REMAND CASE TO LOS ANGELES SUPERIOR COURT (Dkt. 23, filed September 9, 2013)

## I. INTRODUCTION AND BACKGROUND

On April 7, 2004, plaintiff Morry Brookler filed suit in Los Angeles County Superior Court against defendants Radioshack Corporation and Does 1 through 100, inclusive (collectively, "Radioshack"), on behalf of himself and all others similarly situated. Although the Los Angeles County Superior Court initially certified plaintiffs' suit as a class action, the trial court eventually decertified the class by order dated October 10, 2008. Plaintiffs then appealed the class decertification order. After extended appellate litigation, the California Court of Appeal eventually affirmed the decertification order on December 5, 2012.

Following decertification, plaintiffs requested, and were granted, leave to amend their complaint by adding subclasses. On July 18, 2013, plaintiffs filed the operative Second Amended Complaint ("SAC"), which alleges claims for (1) failure to provide employees with required meal break periods pursuant to California Labor Code § 226.7; (2) failure to authorize and permit employees to take required rest breaks pursuant to California Labor Code § 226.7; (3) failure to maintain required records pursuant to California Labor Code § 1174; (4) failure to pay wages due former employees pursuant to California Labor Code § 203, (5) Unfair Business Practices pursuant to California Business and Professions Code § 17200, et seq.; (6) under-calculating the overtime rate

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

| | CIVIL MINUTES - GENERAL | | JS-6 |
|---|---|---|---|
| Case No. | 2:13-cv-06034-CAS-(JCGx) | Date | October 21, 2013 |
| Title | MORRY BROOKLER ET AL. V. RADIOSHACK CORPORATION ET AL. | | |

of pay pursuant to California Labor Code § 510; and (7) recovery of penalties under the Labor Code Private Attorneys General Act of 2004, California Labor Code § 2699.

On August 16, 2013, Radioshack removed the case to this Court. Radioshack's notice of removal alleges that this Court has both (1) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a), and (2) jurisdiction pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2)(A).

On September 9, 2013, plaintiffs filed a timely motion to remand this case to Los Angeles County Superior Court. Radioshack filed its opposition on September 30, 2013, and plaintiffs replied on October 7, 2013. On October 21, 2013, the Court held a hearing. After considering the parties' arguments, the Court finds and concludes as follows.

## II. LEGAL STANDARD

A motion for remand is the proper procedure for challenging removal. Remand may be ordered either for lack of subject matter jurisdiction or for any defect in removal procedure. See 28 U.S.C. § 1447(c). The Court strictly construes the removal statutes against removal jurisdiction, and jurisdiction must be rejected if there is any doubt as to the right of removal. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). The defendant also has the burden of showing that it has complied with the procedural requirements for removal. Judge William W. Schwarzer, et al., California Practice Guide: Federal Civil Procedure Before Trial § 2:609 (The Rutter Group 2007).

Under 28 U.S.C. § 1446(b), the defendant must file the notice of removal within 30 days after being served with a complaint alleging a basis for removal. When there are multiple defendants, all defendants named in the complaint and who have been properly joined and served in the action must also join in the removal. Hewitt v. City of Stanton, 798 F.2d 1230, 1232 (9th Cir. 1986). This is known as the rule of unanimity. See Chicago, Rock Island & Pac. Ry. v. Martin, 178 U.S. 245 (1900); see also Schwarzer, supra, § 2:905.2.

If the defendant's removal notice fails to meet the procedural requirements of § 1446(b), the Court may remand the action based on the plaintiff's timely motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 2:13-cv-06034-CAS-(JCGx) | Date | October 21, 2013 |
|---|---|---|---|
| Title | MORRY BROOKLER ET AL. V. RADIOSHACK CORPORATION ET AL. | | |

McAnally Enters., Inc. v. McAnally, 107 F. Supp. 2d 1223, 1226 (C.D. Cal. 2000). Pursuant to 28 U.S.C. § 1447(c), a motion to remand based on any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal.

**III. ANALYSIS**

**A. Motion to Remand**

Plaintiffs argue that Radioshack's removal is untimely. Plaintiffs commenced this action in Los Angeles County Superior Court on April 7, 2004. At that time, Radioshack chose not to remove the case, opting instead to litigate in Superior Court. On August 16, 2013, Radioshack removed this case for the first time. Plaintiffs contend that Radioshack's removal is untimely both under CAFA and traditional diversity removal. First, removal fails under CAFA because this action began prior to CAFA's effective date. See, e.g., Progressive W. Ins. Co. v. Preciado, 479 F.3d 1014, 1017 (9th Cir. 2007) ("Because Preciado commenced his class action lawsuit . . . before CAFA became effective, Progressive cannot invoke CAFA's removal provision."). Second, removal fails under non-CAFA diversity because the one-year time limit for removal based on diversity has elapsed. See 28 U.S.C. § 1446(c)(1) ("A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action.").

In its opposition, Radioshack does not contest that removal would be untimely if this action had in fact been commenced in 2004. See, e.g., Opp. 7. Radioshack instead argues that although the SAC was styled as an amendment of a complaint originally filed in 2004, the filing of the SAC actually marked the commencement of a new and separate action. Radioshack relies on the fact that plaintiffs filed the SAC in response to the Superior Court's order decertifying the case as a class action. Radioshack contends that, under California law, this decertification order "was the 'death knell' for the class claims, and was tantamount to a dismissal of the action as to all members of the class other than the named plaintiffs."[1] Tucker v. Pac. Bell Mobile Servs., 208 Cal. App. 4th 201, 209 n.7

---

[1] For purposes of removal, the date on which an action is commenced is determined by state law. See, e.g., Bush v. Cheaptickets, Inc., 425 F.3d 683, 688 (9th Cir. 2005).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| Case No. | 2:13-cv-06034-CAS-(JCGx) | Date | October 21, 2013 |
|---|---|---|---|
| Title | MORRY BROOKLER ET AL. V. RADIOSHACK CORPORATION ET AL. | | |

(2012). Radioshack reasons that since the decertification order was "a final judgment on [plaintiffs' original] claims," id., the subsequently filed SAC must signal the commencement of a new action. Because Radioshack filed its notice of removal less than 30 days after plaintiffs filed the SAC, Radioshack concludes that removal of the SAC was therefore timely.

The Court finds this argument unpersuasive. Radioshack's contention that the SAC commenced a new case is predicated on its claim that the decertification order terminated plaintiffs' original case. Thus far, however, Radioshack has failed to persuade the California state court system that the decertification order ended the case. After the California Court of Appeal affirmed the decertification order, Radioshack sought to bar plaintiffs from amending their complaint by adding subclasses. If the California Court of Appeal had granted Radioshack's request, this would have conclusively terminated plaintiffs' class action. The Court of Appeal, however, held that:

> The trial court did not consider the question of subclasses. None of the proceedings on appeal, either the initial appeal or this proceeding after remand from the [California] Supreme Court, addresses the issue of subclasses or bars the trial court from considering that issue on remand.

Plaintiffs' Request for Judicial Notice, Ex. 7 at 11. Similarly, after the case was remanded to the Los Angeles County Superior Court, plaintiffs asked for leave to amend their complaint to add subclasses. Consistent with the Court of Appeal's finding that the trial court had discretion to consider subclasses, the Superior Court gave plaintiffs leave to amend, and plaintiffs filed the SAC. The Superior Court granted plaintiffs' request without further explanation, and therefore did not explicitly address Radioshack's argument that the decertification order was the death knell of plaintiff's case.

Accordingly, Radioshack's contention that the decertification order terminated plaintiffs' original case is not supported by the facts. First, to the extent that the state trial court granted leave to amend because it determined that the decertification order did not end the case, Radioshack's argument would require this Court to reverse that determination. Federal district courts do not conduct direct appellate review of state trial court rulings. See, e.g., Lefcourt v. Superior Court for Cnty. of San Francisco, 7 F. App'x 684, 685 (9th Cir. 2001) ("As courts of original rather than appellate jurisdiction, federal

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

| | CIVIL MINUTES - GENERAL | | JS-6 |
|---|---|---|---|
| Case No. | 2:13-cv-06034-CAS-(JCGx) | Date | October 21, 2013 |
| Title | MORRY BROOKLER ET AL. V. RADIOSHACK CORPORATION ET AL. | | |

district courts have no authority to review the final determinations of a state court in judicial proceedings.").

Second, even if Radioshack is correct that "the state trial court [did not] resolve whether the [decertification order] . . . constituted a final judgment," opp. 15, this Court declines to instruct the Los Angeles County Superior Court about the legal effect of its own decertification order. Any other result would raise serious questions about whether this Court had improperly injected itself into an active state court proceeding. See, e.g., Younger v. Harris, 401 U.S. 37 (1971); Poulos v. Caesars World, Inc., 379 F.3d 654, 669 n.4 (9th Cir. 2004) ("Younger abstention is a common law equitable doctrine holding that a federal court generally should refrain from interfering with a pending state court proceeding."). Moreover, even if this Court has the discretion to determine the effect of the decertification order for purposes of determining the timeliness of removal, the Court would decline to find that the SAC initiated a new action.

Accordingly, the Court finds that the motion to remand should be granted.

**B. Attorneys' Fees**

Plaintiffs also request attorneys' fees incurred in connection with their motion to remand. Pursuant to 28 U.S.C. § 1447(c), "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[T]he standard for awarding fees should turn on the reasonableness of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). Here, the Court concludes that Radioshack lacked an "objectively reasonable basis" for removal. Id. Given that the Superior Court granted plaintiffs leave to file the SAC, Radioshack cannot reasonably contend that the SAC marked the beginning of a new action. As such, Radioshack's removal was clearly untimely, and thus unreasonable. Accordingly, the Court finds that plaintiffs are entitled to an award of attorneys' fees.

"The Ninth Circuit utilizes the 'lodestar' approach for assessing reasonable attorneys' fees, where the number of hours reasonably expended is multiplied by a reasonable hourly rate. The Ninth Circuit has approved the use of the lodestar method to calculate the award associated with improper removal." Paul v. Cubiburu, 2013 WL 5530338 (E.D. Cal. Oct. 4, 2013) (citing John B. Schlaerth MD v. Spirtos, 308 Fed. Appx. 196, 198 (9th Cir. 2009)). Here, plaintiffs request $41,448.50 in attorneys' fees.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**  JS-6

| | | | |
|---|---|---|---|
| Case No. | 2:13-cv-06034-CAS-(JCGx) | Date | October 21, 2013 |
| Title | MORRY BROOKLER ET AL. V. RADIOSHACK CORPORATION ET AL. | | |

In support of their request, plaintiffs aver that (1) they expended a total of 58.06 hours working on the motion to remand, and (2) that plaintiffs' various attorneys bill at hourly rates ranging from $450 to $800 per hour. Plaintiffs additionally supply declarations supporting their contention that these rates are reasonable, and citing cases in which these rates were approved by other courts in this Circuit. See Glick Decl ¶¶ 16–26; Brooks Decl. ¶¶ 1–6.

Having reviewed plaintiffs' fee request, the Court finds that the requested rates are reasonable, but also that (1) there appears to have been duplication of effort between the two law firms working on this motion to remand, and (2) the hours expended were excessive. Compare Glick Decl. Ex. 3 with Brooks Decl. ¶ 6; see also, e.g., Rosenfeld v. U.S. Dep't of Justice, 904 F. Supp. 2d 988, 1005-06 (N.D. Cal. 2012) ("[C]ounsel seeking fee awards bear the risk that the lodestar will be subject to scrutiny and possible reduction due to unreasonable inefficiencies and duplicative efforts engendered by multiple counsel."). In light of this conclusion, the Court declines to award the $7,800 in fees requested by the Brooks declaration. Furthermore, the Court concludes that a 33% reduction is appropriate with respect to the remaining fees due to the excessive hours expended. The Court accordingly awards plaintiffs $22,544.50 in attorneys' fees.

## IV. CONCLUSION

In accordance with the foregoing, plaintiffs' motion to remand this case to Los Angeles County Superior Court is hereby GRANTED. The Court GRANTS plaintiffs' request for attorneys' fees. Plaintiffs are hereby awarded $22,544.50 in attorneys' fees.

IT IS SO ORDERED.

| | 00 | : | 18 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |